IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARCUS ANTONIO SATTERFIELD,    )
                                )
            Plaintiff,          )
                                )
        v.                      )        1:25CV336
                                )
SGT. MANNY GILL,                )
                                )
            Defendant(s).       )


ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that a serious flaw makes it impossible to further process the Complaint. The problem is:

1.  The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed and signed by Plaintiff, to permit review. Plaintiff submitted an *in forma pauperis* application but failed to complete the questions on the form asking him the total deposits into his prison trust account and its present balance. Instead, he states without support that he cannot make any initial partial payment and asks to be charged the filing fee in full at the end of his case. This is not acceptable. Plaintiff must properly complete the form, including those two particular questions. He should also be aware that he will be charged the entire filing fee at the beginning of his case, although he may be able to pay in installments going forward as he receives funds.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defect of the present

Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)). The Court notes that the Complaint appears to attempt to name certain persons that do not exist as Defendants, particularly the Sheriff and Deputy Sheriff of Roxboro. The Court takes judicial notice that sheriffs and their deputies in North Carolina are elected to serve counties, but that Roxboro is a town. Towns do not have sheriffs or deputies. Further, it appears that Plaintiff may seek to name some of the Defendants listed in the Complaint based on their positions as supervisors but theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not exist under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Finally, he also attempts to name the entire staff of a detention center. Plaintiff should only name persons who are actually responsible for the alleged violations of his rights.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 7th day of May, 2025.

/s/ Joe L. Webster  
United States Magistrate Judge